IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA JOY M., ) | |
| ) | No. 22 C 2545 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Diana Joy M. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On January 11, 2019, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 489-501, 578-606.) The Appeals Council declined review (R. 1-4), making the ALJ's decision the final decision of the Acting Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since January March 1, 2016, the alleged onset date. (R. 491.) At step two, the ALJ found that plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spine, a history of knee replacement surgery, and tendinopathy of the right shoulder with impingement. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R. 494.) At step four, the ALJ found that plaintiff has the RFC to perform medium work, including her past relevant work, and thus is not disabled. (R. 495-501.)

2

Plaintiff argues that the ALJ's subjective symptom evaluation[1] is flawed because, inter alia, the ALJ did not address the factors set forth in 20 C.F.R. § 416.929(c)(3). *See id.* (instructing ALJs to consider the claimant's daily activities; the location, duration, frequency, and intensity of her pain or other symptoms; the precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; treatment, other than medication, claimant has received for relief of pain or other symptoms; any other measures she has used to relieve pain or other symptoms; and other factors concerning functional limitations and restrictions due to pain or other symptoms, when evaluating symptoms). In fact, the ALJ noted that plaintiff reported: (1) having back pain, ankle pain, foot spasms, headaches, leg, knee, and shoulder pain, and experiencing an electric shock sensation on her right side; (2) taking medication, using a heating pad, ankle and hand braces and Epsom salts, and receiving steroid injections and physical therapy to relieve her pain; and (3) walking with a cane, an inability to drive, and needing help with household chores and yardwork.[2] (R. 495-99.) The ALJ also noted that plaintiff's symptoms were not supported by the objective medical evidence, which showed that the range of motion in plaintiff's shoulder improved with physical therapy, the MRIs of her knee, brain, and thoracic spine were normal, and the MRI of her lumbar spine showed only mild degenerative disc changes, or by the conservative treatment she received. (*Id.*) Thus, the ALJ adequately considered the regulatory factors in assessing plaintiff's subjective symptoms.

Plaintiff also faults the ALJ for saying that no doctor imposed greater limitations than are contained in the RFC because Dr. Sams imposed greater limitations. The Court disagrees. In a

---

[1] Plaintiff uses the term "credibility finding" but the SSA eliminated that term in SSR 16-3p, which directs ALJs to evaluate a claimant's subjective symptoms, not her credibility. *See id.*, 2017 WL 5180304, at *2 (Oct. 25, 2017).

[2] Paradoxically, plaintiff argues both that the ALJ gave too little and too much weight to her daily activities. (*See* ECF 10 at 12-13.)

3

statement dated April 30, 2021, Dr. Sams said he last saw plaintiff on November 19, 2020, he had not evaluated whether her impairments imposed functional limitations, or "assess[ed] her ability to work." (*See* R. 1617-21.) Dr. Sams did say that plaintiff has joint pain in multiple areas and would have good days and bad days. (R. 1620-21.) But he did not say that her joint pain precludes her from doing medium work or engaging in particular work activities. In short, the ALJ did not mischaracterize Dr. Sams's statement.

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [11], and terminates this case.

**SO ORDERED.**  ENTERED:  March 1, 2023

**M. David Weisman**
**United States Magistrate Judge**